IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON JOIEL SUGGS, | No. CIV S-09-2591-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

   Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

   Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, habeas

/ / /

/ / /

relief is not available because the petition is untimely.[1]  Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Upon review of the instant petition, it is obvious that it is untimely.  Petitioner states that he is challenging a conviction entered in the Sacramento County Superior Court on April 19, 2000.  He also states that he did not file any direct appeal.[2]  Therefore, the conviction became final 60 days after conclusion of proceedings in the trial court, or on June 18, 2000, and the one-year limitations period began to run the following day.

Absent statutory tolling, the limitations period expired on June 18, 2001.  While petitioner states that he did not file any post-conviction actions, he also states that the Sacramento County Superior Court dismissed a habeas petition on July 23, 2007, and the California Supreme Court denied habeas relief on March 13, 2009.  While he does not state the date on which he filed his habeas petition in the Sacramento County Superior Court, and the file-stamp on the attached petition is not legible, he indicates that the case number for this action was 07F06034.  The case number indicates that the petition was filed sometime in 2007.  Because this date is well after expiration of the one-year limitations period, petitioner is not entitled to any

---

[1] The United States Supreme Court has ruled that "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (concluding that district court may sua sponte consider the statute of limitations as long as the petitioner has notice and an opportunity to be heard before the petition is dismissed as untimely).

[2] Petitioner states that, on August 14, 2008, his request for leave to file a late appeal was denied.

1  statutory tolling for the Sacramento County Superior Court petition, or any subsequent post-
2  conviction actions.
3         Based on the foregoing, petitioner is required to show cause in writing, within 30
4  days of the date of this order, why his petition for a writ of habeas corpus should not be
5  summarily dismissed as untimely.  Petitioner is warned that failure to respond to this order may
6  result in dismissal of the petition for the reasons outlined above, as well as for failure to
7  prosecute and comply with court rules and orders.  <u>See</u> Local Rule 11-110.
8         IT IS SO ORDERED.

   DATED:  October 5, 2009

   _____
   **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE