IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON JOIEL SUGGS, | No. CIV S-09-2591-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

On October 5, 2009, the court directed petitioner to show cause why this action should not be summarily dismissed as untimely. In the order, the court stated:

> Upon review of the instant petition, it is obvious that it is untimely. Petitioner states that he is challenging a conviction entered in the Sacramento County Superior Court on April 19, 2000. He also states that he did not file any direct appeal. (footnote omitted). Therefore, the conviction became final 60 days after conclusion of proceedings in the trial court, or on June 18, 2000, and the one-year limitations period began to run the following day.
> Absent statutory tolling, the limitations period expired on June 18, 2001. While petitioner states that he did not file any post-

1 conviction actions, he also states that the Sacramento County Superior Court dismissed a habeas petition on July 23, 2007, and the California Supreme Court denied habeas relief on March 13, 2009.  While he does not state the date on which he filed his habeas petition in the Sacramento County Superior Court, and the file-stamp on the attached petition is not legible, he indicates that the case number for this action was 07F06034.  The case number indicates that the petition was filed sometime in 2007.  Because this date is well after expiration of the one-year limitations period, petitioner is not entitled to any statutory tolling for the Sacramento County Superior Court petition, or any subsequent post-conviction actions.

Petitioner filed a response to the order to show cause on October 28, 2009.  Petitioner cites several cases in which courts have held that, before sua sponte dismissing a habeas petition as untimely, the court must provide the petitioner fair notice and an opportunity to be heard.  The cases cited by petitioner also state that it would be an abuse of discretion for the court to disregard a respondent's waiver of the statute of limitations defense and proceed to dismiss a petition as untimely.  Petitioner does not address the timeliness of his petition.  In this case, the court has provided petitioner with the required fair notice and opportunity to be heard and, inasmuch as no respondent has appeared in the action, the court is not disregarding a waiver of the statute of limitations defense.

For the reasons outlined in the court's October 5, 2009, order to show cause, the court finds that the instant petition is untimely and that dismissal is appropriate.  All pending motions are denied as moot.  The Clerk of the Court is directed to enter judgment of dismissal and close this file.

IT IS SO ORDERED.

DATED:  November 4, 2009

*Craig M. Kellison*
_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE