IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON JOIEL SUGGS, | No. CIV S-09-2591-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's request for a certificate of appealability (Doc. 17), filed on January 5, 2010.[1]

///

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for mailing to the court. In calculating dates, the court has given petitioner the benefit of this rule.

1

1  Petitioner seeks to appeal this court's denial of his application for a writ of habeas
2  corpus.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28
3  U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28 U.S.C.
4  § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional
5  right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability
6  indicating which issues satisfy the required showing or must state the reasons why such a
7  certificate should not issue.  Fed. R. App. P. 22(b).

8  The timely filing of a notice of appeal is a jurisdictional requirement.  See Scott v.
9  Younger, 739 F.2d 1464, 1466 (9th Cir. 1984).  The time limit for filing a notice of appeal
10 following entry of judgment is 30 days.  See Fed. R. App. P. 4(a).  Petitioner's notice of appeal in
11 this action was filed more than 30 days after entry of judgment on November 5, 2009.  It is,
12 therefore, untimely and cannot provide the appellate court with jurisdiction.  The issuance of a
13 certificate of appealability cannot vest the court of appeals with jurisdiction if jurisdiction is not
14 proper in that court.  Cf. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978) (addressing
15 issuance of a certificate of probable cause).  Because petitioner's notice of appeal is untimely, the
16 court declines to issue a certificate of appealability.

17 Accordingly, IT IS HEREBY ORDERED that petitioner's request for a certificate
18 of appealability (Doc. 17) is denied.

20  DATED: January 27, 2010

22  _____
    **CRAIG M. KELLISON**
    UNITED STATES MAGISTRATE JUDGE